UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER RANDALL WHITWORTH, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> TROY STEELE, ) <br> ) <br> Respondent. ) | Case No. 4:15 CV 1411 ACL |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Christopher Randall Whitworth for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

### **I. Procedural History**

Whitworth is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri, pursuant to the sentence and judgment of the Circuit Court of Stoddard County.

Whitworth pleaded guilty to one count of first-degree assault in the Circuit Court of Stoddard County, Missouri. (Doc. 8-1 at 3.) The court sentenced Whitworth to a term of seven years' imprisonment, suspended execution of that sentence, and placed Whitworth on a five-year term of probation. (Doc. 8-7 at 1.) The court revoked Whitworth's probation on November 21, 2012, and executed his sentence subject to § 559.115, RSMo. (Doc. 8-8 at p. 9-11.)

In a Court Report Investigation dated March 13, 2013, the Department of Corrections recommended that Whitworth's probation be denied and that Whitworth not be released on March 28, 2013, his 120th day. (Doc. 8-6 at p. 9.) On March 25, 2013, the court determined that it would be an abuse of discretion to release Whitworth, and ordered the execution of his seven-year sentence. (Doc. 8-6 at p. 1.)

1

On June 30, 2014, Whitworth filed a petition for mandamus in the Missouri Court of Appeals. (Doc. 8-2 at p. 1.) The petition was denied the next day. *Id.*

On December 24, 2014, Whitworth filed a state petition for writ of habeas corpus in the Circuit Court of St. Francois County, Missouri. (Doc. 8-3 at p. 2.) The petition was denied on April 17, 2015. (Doc. 8-3 at p. 1.)

Whitworth filed a state petition for writ of habeas corpus in the Missouri Court of Appeals on June 3, 2015. (Doc. 8-4 at p. 1-2.) That petition was denied on June 16, 2015. *Id.*

On July 10, 2015, Whitworth filed a state petition for writ of habeas corpus in the Missouri Supreme Court. (Doc. 8-5 at p. 1.) The Missouri Supreme Court denied the petition on August 18, 2015. *Id.*

On September 8, 2015, Whitworth, *pro se*, filed the instant Petition for a Writ of Habeas Corpus. (Doc. 1). He raises two related claims. In his first ground for relief, he argues that he successfully completed his 120-day shock time without violation or incident, in accordance with RSMo 559.115(3). In his next ground for relief, Whitworth argues that he is being illegally held in violation of his rights to Due Process.

On December 9, 2015, Respondent filed a Response to Order to Show Cause, in which he argues that the Petition is untimely. (Doc. 8.) Respondent argues in the alternative that Petitioner's claims are not cognizable.

Whitworth has filed a Reply, in which he states that he "has nothing to add to his supporting arguments for release of his current incarceration," and that the arguments in the Petition "stand on their own merit and do not require amendment." (Doc. 9 at p. 1.)

## II. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

2

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in *Williams v. Collins*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

### III. Statute of Limitations

Respondent first argues that the Petition should be dismissed because Petitioner failed to file his Petition within one year as required by 28 U.S.C. § 2244(d)(1)(A). "The Antiterrorism

3

and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for state prisoners to file federal habeas corpus petitions." *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)). This one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed after the expiration of the limitations period is untimely and must be dismissed on that basis. *Bear*, 650 F.3d at 1122, 1125.

Whitworth challenges the court's March 25, 2013, decision ordering the execution of his seven-year sentence. (Doc. 8-6 at p. 1.) The one-year statute of limitations began to run on that date, absent any tolling. In Missouri, complaints about the probation denial procedure may not be raised on direct appeal or in the post-conviction relief process. Instead, they must be raised either in a petition for mandamus, or in a state habeas petition under Missouri Supreme Court Rule 91. *See State ex rel. Beaird v. Del Muro*, 98 S.W.3d 902 (Mo Ct. App. 2003) (habeas corpus); *State ex rel Mertens v. Brown*, 198 S.W.3d 616 (Mo. 2006) (mandamus).

Here, Whitworth first challenged the court's denial of his probation by filing a petition for mandamus in the Missouri Court of Appeals. That petition, however, was not filed until June 30, 2014—more than 365 days after the court's order denying probation. (Doc. 8-2 at p. 1.) Whitworth's state court habeas petitions were similarly filed after the one-year statute of limitations expired. (Docs. 8-3 at p. 2; 8-4 at p. 1-2; 8-5 at p. 1.) As such, the one-year limitations period was not tolled during the pendency of Whitworth's state court collateral proceedings. *See Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002) (finding Rule 91 proceeding did not toll the statute of limitations in § 2244(d)(1) where petitioner did not file his Rule 91 petition until after the one-year limitations period expired). Thus, the Petition filed on September 8, 2015 is untimely.

.

## IV. Petitioner's Claims

Respondent argues in the alternative that Whitworth's claims challenging the court's refusal to place him on probation are not cognizable in this action. In his first ground for relief, he argues that he successfully completed his 120-day shock time without violation or incident, in accordance with RSMo § 559.115(3). In his next ground for relief, Whitworth argues that he is being illegally held in violation of his rights to Due Process, because the sentencing court promised him he would be granted probation if he successfully completed the shock incarceration program.

Section 559.115 provides as follows, in relevant part:

> 3. …When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program except as follows. Upon successful completion of a program under this subsection, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. The court shall follow the recommendation of the department unless the court determines that probation is not appropriate. If the court determines that probation is not appropriate, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days from the date the offender was delivered to the department of corrections. If the department determines the offender has not successfully completed a one hundred twenty-day program under this subsection, the offender shall be removed from the program and the court shall be advised of the removal. The department shall report on the offender's participation in the program and may provide recommendations for terms and conditions of an offender's probation. The court shall then have the power to grant probation or order the execution of the offender's sentence.

Mo. Rev. Stat. Ann. § 559.115(3).

Whitworth's claims are based on the premise that the sentencing court promised him he would be granted probation if he committed no conduct violations while in a shock incarceration program. The record, however, reveals no such promise. Furthermore, Whitworth's claims are not cognizable because he has no liberty interest in release under § 559.115.

In *Barry v. Villmer*, 4:12CV1583JCH, 2014 WL 5427704, *2 (E.D. Mo. Oct. 24, 2014), an offender similarly argued that § 559.115 created a constitutionally-protected liberty interest in probation release. The Court rejected this position. The offender in *Barry* relied upon *Board of Pardons v. Allen*, 482 U.S. 369 (1987), which held that a Montana statute created a liberty interest when it imposed broad but specific standards that the Board of Pardons was required to analyze in making its determination whether to grant parole. The *Barry* Court, on the other hand, quoted the relevant language of § 559.115 and held as follows:

> Thus, the statute creates two levels of unfettered discretion. First, the department of corrections is given the authority to determine whether a program participant has "successfully completed" the program. No substantive standards are set forth to guide that determination. Second, even if the department of corrections does determine that a participant has successfully completed a program, the sentencing court has the discretion to deny probation. Again, there are no substantive standards in the statute to limit that discretion.
>   In short, it would be reasonable to conclude that § 559.115.3 vests the type of discretion in decision-makers that *Allen* affirms is incompatible with the existence of a liberty interest. Therefore, it also would be reasonable to conclude that Barry had no liberty interest in probation release under § 559.115.3 that would entitle him to due process protection. Without such a liberty interest, Barry's claim that he is entitled to relief under § 2254 because he was denied due process must fail.

*Barry*, 2014 WL 5427704, at *4.

The federal habeas corpus statute grants authority to this Court to consider an application for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A purely state law claim is not cognizable under the federal habeas corpus statute. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

Thus, Whitworth's claims challenging the Missouri courts' failure to place him on probation are not cognizable in this action, and the Petition will be denied.

## V. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Whitworth has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

## ORDER

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of September, 2018.